Samuel Faile, S.
In this accounting proceeding the executrix, who is the widow of testator, seeks approval of her personal claim in the amount of $12,000. The special guardian, who appears on behalf of 11 infant remaindermen, has interposed objections to the claim, contending that such claim is founded upon a usurious transaction and is therefore void under section 373 of the General Business Law.
The testator died a resident of Westchester County on August 23, 1953 and his will was duly admitted to probate and letters testamentary thereon were issued by this court on September 30, 1953.
Upon the hearing the claimant introduced into evidence a demand promissory note in the amount of $12,300 payable to her and executed by the decedent. The note dated September 23, 1931 provides for interest payments at the rate of 7% and recites that 500 shares of Irving Trust Co. stock, 100 shares of Dobbs Ferry Bank stock and a $1,000 Canadian Bail & Harbor Terminal Co. bond having a present market value of $16,000 were delivered to the lender as collateral security for payment of the note. The note further states that the collateral may be exchanged from time to time by mutual consent of the parties. The evidence adduced at the hearing established that the note was executed by decedent who offered to pay interest at the rate of 7% yearly and at the time of decedent’s death such note was in the possession of the claimant. Attached to the note were two documents, one of which was dated September 24, 1945 in which decedent stated that having returned from the armed forces he would resume interest payments on the note, and the other document being a memorandum in decedent’s handwriting dated July 15, 1943 stating that there had been a substitution of 1,000 shares of Irving Trust Co. common stock in place of the original collateral. The testimony at the hearing further established that except for a comparatively short period of time while decedent was in the armed forces, interest was paid upon such note at the prescribed rate.
Under the provisions of section 370 of the General Business Law the legal rate of interest is established at 6% and under section 373 of the General Business Law a note bearing interest in excess of such rate is void. However, section 379 of the General Business Law provides; “In any case hereafter in *634 which advances of money, repayable on demand, to an amount not less than five thousand dollars, are made upon warehouse receipts, bills of lading, certificates of stock, certificates of deposit, bills of exchange, bonds or other negotiable instruments pledged as collateral security for such repayment, it shall be lawful to receive or to contract to receive and collect, as compensation for making such advances, any sum to be agreed upon in writing, by the parties to such transaction.”
The court finds that the loan was in excess of $5,000 and that at the time such loan was made, it was secured by the collateral recited in the note. It further appears from the testimony that such collateral was attached to the note and was- placed in the safe-deposit box of claimant. It was established that the decedent also had access to such safe-deposit box and the inference to be drawn from the testimony is that the substituted collateral was removed by decedent from claimant’s safe-deposit box and placed in his own safe-deposit box at some time prior to his death.
In Wright v. Toomey (137 App. Div. 401, affd. 204 N. Y. 661) in holding that under section 379 a promissory note was not void for usury, the opinion by Spuing, J. at page 402 states as follows: ‘ ‘ The provisions of the act were complied with so far as the kind of loan and sum of money advanced, and it was made upon certificates of stock ”. Likewise in Brumley v. Robinson (120 Misc. 799) the court at page 802 stated: “ The effect of section 379 of the General Business Law has been to remove from the operation of the usury laws all loans of money payable on demand where the amount advanced was not less than $5,000 and where certificates of stocks were pledged as collateral security for the repayment of the loan ”. The court determines that the widow’s claim is based upon a transaction which comes within the provisions of section 379 of the General Business Law and for that reason usury is not a good defense. Accordingly the widow’s claim in the amount of $12,000 is allowed.
Settle decree.